UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IRENE MARCOUX, FRANK ALLEN MOORE, CHARLES F. PROCTOR and FENTON PROPERTIES, INC., <br> Plaintiffs, <br> vs. <br> WELLS FARGO HOME MORTGAGE-REVERSE MORTGAGE SERVICING a/k/a WELLS FARGO BANK, N.A., <br> Defendant. | CIVIL ACTION <br> NO. 12-11041-TSH |

**ORDER ON MOTION TO VACATE JUDGMENT AND MOTION FOR LEAVE TO FILE OPPOSITION TO ANY MOTION TO DISMISS (Docket No. 4)**
**May 21, 2013**

**HILLMAN, D.J.**

### Background

Plaintiffs, Irene Marcoux, Frank Allen Moore, Charles F. Proctor and Fenton Properties, Inc. filed a Complaint in the Worcester Superior Court alleging claims against Wells Fargo Home Mortgage-Reverse Mortgage Servicing a/k/a Wells Fargo Bank N.A. ("Wells Fargo")[1] alleging claims for (1) failure to negotiate in good faith (Count I); (2) violation of public policy (Count II); and (3) quantum meruit (Count III). Wells Fargo removed the case to this Court pursuant to 28 U.S.C. §§1441 and 1446 on the grounds that this action is within the original jurisdiction of this

---

1 The Defendant indicates that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. and not a separate entity. The proper name of the Defendant is Wells Fargo Bank, N.A. For purposes of this Order, I will simply refer to the Defendant as "Wells Fargo."

Court pursuant to 28 U.S.C. §1332 (diversity of citizenship; matter in controversy exceeds $75,000).

On June 21, 2012, Wells Fargo filed a motion to dismiss the Complaint pursuant to Fed.R.Civ. P. 12(b)(6) for failure to state a claim. *Def's Mot To Dismiss* (Docket No. 3). Plaintiffs did not file an opposition to the motion to dismiss and on January 11, 2013, the Court granted the motion to dismiss for the reasons stated in Wells Fargo's supporting memorandum. The action was dismissed that same date. *See Order of Dismissal* (Docket No. 6).

On January 31, 2013, Plaintiffs filed a Motion to Vacate Judgment and Motion For Leave To File Opposition To Any Motion To Dismiss (Docket No. 7). For the reasons set forth below, that motion is denied.

**Discussion**

Plaintiffs have filed a motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b). Plaintiffs have not specified which provision of Rule 60(b) they are moving under, but presumably the seek relief under Rule 60(b)(1)(mistake, inadvertence, surprise or excusable neglect) and/or 60(b)(6)(any other reason that justifies relief). In their motion to vacate the judgment, Plaintiffs represent that they have been trying to negotiate with Wells Fargo for over a year to reach a mutually beneficial resolution of this case, but that Wells Fargo has refused to negotiate in good faith. Plaintiffs further represent that the parties had recently been negotiating a settlement and had been working out the details of a settlement at the time the Court dismissed the case and for that reason, they did not oppose the motion to dismiss. However, they have not provided any explanation for failing to seek an extension of the time for filling an opposition. Finally, Plaintiffs assert that it would be a miscarriage of justice not to reopen the case to permit the parties to finalize

a settlement.   In the event that a settlement is not reached, Plaintiffs request that they be permitted to file an opposition to the motion to dismiss.

From Wells Fargo's submissions and *both* parties' proffers on the hearing on the motion to vacate, it is abundantly clear to the Court that contrary to the Plaintiffs' representations, no settlement negotiations were taking place during the entire period that the Motion to Dismiss was pending[2].   Plaintiffs have offered no other justification for their failure to respond to Wells Fargo's motion to dismiss, or for otherwise failing to prosecute their case prior to its being dismissed.   Accordingly, Plaintiffs have failed to establish excusable mistake or excusable neglect.

Rule 60(b)(6) by its broad language, seemingly allows a court unfettered discretion to reopen a case for any reason that justifies relief.   The decision to reopen a case under Rule 60(b) is left to the Court's discretion. *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 15 (1st Cir. 1982). Neither the Plaintiffs' written submissions nor their proffer made at the hearing establishes that their claims have any basis in law or fact. Simply put, the Plaintiffs allegations fail to state a cause of action against Wells Fargo.   Furthermore, considering the Plaintiffs seeming blatant mischaracterization of their interaction with Wells Fargo, they have failed establish that the relief requested is justified.   Considering the totality of the circumstances, Plaintiffs have not cited to any extraordinary circumstances which would warrant vacating the judgment under Rule 60(b)(6).[3]

---

2 Plaintiffs contend that a short sale package that they submitted to Wells Fargo on February 4, 2013, *after* they filed their motion to dismiss evidences their continued attempts to come to terms with Wells Fargo.   The Court disagrees.

3 Wells Fargo suggests that because the motion to vacate was filed within 28 days of the entry of judgment, it more properly characterized as a motion to amend or alter the judgment under Fed.R.Civ.P.59(e). However, the Plaintiffs are not seeking to file an amended complaint, nor are they attacking the legality of the judgment.   Instead, they are requesting that the case be reopened, that the motion to dismiss be reinstated and that they be given an

The motion to vacate the judgment is denied.   Accordingly, the request to file an opposition to the motion to dismiss is denied as moot.

## Conclusion

For the foregoing reasons, the Motion To Vacate Judgment And Motion For Leave To File Opposition To Any Motion To Dismiss (Docket No. 4) is *denied.*

                                                                /s/ Timothy S. Hillman
                                                                TIMOTHY S. HILLMAN
                                                                DISTRICT JUDGE

---

opportunity to file an opposition thereto. Under the circumstances, the Court finds that it is more appropriate to treat the motion as one filed under Rule 60(b).   In any event the Plaintiffs have not established that they are entitled to relief under Rule 59(e).